IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>  Plaintiff,<br><br> v.<br><br>LIEUTENANT TOBY, et al.,<br><br>  Defendants.<br>_____/ | No. C 11-01975 CW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK OF COURT TO PROVIDE PLAINTIFF WITH CIVIL RIGHTS COMPLAINT FORM; AND DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket no. 33) |

    Plaintiff, a state prisoner currently incarcerated at Solano State Prison, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. He complains about the conditions of his confinement during a period of incarceration at the Sonoma County Jail (SCJ). He has been granted leave to proceed in forma pauperis.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

For the reasons discussed below, Plaintiff's complaint will be dismissed with leave to amend.

## DISCUSSION

### I. Preliminary Screening of Pleadings

Plaintiff filed both a complaint and a document which he labeled "Admendment [sic] to already Filed suit." Docket nos. 1, 29. He attached numerous exhibits to his complaint.

It appears that Plaintiff intended his "[a]dmendment" as a supplement to, rather than a replacement of, his original complaint. The Court therefore will construe this document as an amendment to the complaint and review both the complaint and the amendment thereto in its preliminary screening.

Plaintiff's complaint appears to relate primarily to a cell extraction on September 11, 2009, that he believes involved excessive force on the part of the correctional officers conducting the extraction. He states that he was "beaten, assaulted, threatened, injured, [and] denied medical care . . . ." Complt. at 3:21.

Plaintiff's complaint is somewhat indecipherable on this point, but he appears to name fourteen Defendants, including correctional officers involved in the extraction, correctional officers with supervisory responsibilities relating to this

extraction and the cell extraction policy at SCJ, medical personnel and various governmental agencies.

Plaintiff seeks one-hundred thousand dollars in compensatory damages from each correctional officer who allegedly assaulted him during the above-described cell extraction and each supervising officer who allegedly "turned a blind eye" to the excessive force used by the correctional officers. Complt. at 3:28 - 4:2. He seeks "$100.000" from a nurse and doctor who denied him medical treatment. Complt. at 4:2-3. He further seeks punitive damages and the removal of all of the officers from their positions.

In the amendment to his complaint, Plaintiff states that he wishes to add correctional officer Captain Jackson to the Defendants named in his original complaint. He complains about unspecified, allegedly illegal, yard counseling schemes. He also complains that SCJ medical personnel did not provide him with medical attention or X-rays for injuries allegedly inflicted by the correctional officers.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant".) While the

3

federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation omitted).

Plaintiff's claims cannot proceed as plead because Plaintiff has not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations. In particular, Plaintiff has not specified the correctional officers who were involved in the September 11, 2009, cell extraction or the supervising officers who "turned a blind eye" to the methods employed in that extraction. He has not described in any detail nor linked any of the Defendants to the yard counseling schemes. He does not describe with particularity the injuries which were caused or worsened by SCJ medical personnel's alleged failure to treat him. He does not identify the policies employed by the institutional Defendants that allegedly violate his constitutional rights.

Plaintiff's pleadings are also deficient in that they fail to include information sufficient for the Court to determine whether his various claims are related. It is not clear whether his complaint regarding lack of medical care is related by anything other than chronological proximity to the cell extraction.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly

4

brought complaint raising fifty distinct claims against twenty-four defendants).  Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way-- that is, if there is not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to support similarity when the specifics are different.  Id.

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide information sufficiently simple, concise and direct for the Court to determine whether his allegations state cognizable claims for relief with respect to each of the named Defendants, or for the Court to determine whether such claims are related.

Accordingly, Plaintiff's complaint and his amendment to the complaint are DISMISSED for failure to state a cognizable claim for relief.  Plaintiff may file an amended complaint in which he (1) alleges facts sufficient for the Court to determine whether he states a claim for the violation of his constitutional rights, (2) clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible, (3) does not raise unrelated claims against different Defendants, and

(4) clearly specifies the relief he requests for each alleged injury and links that relief to a particular Defendant or Defendants.

While Plaintiff must, in filing his amended complaint, provide sufficient information to give Defendants fair notice of the nature of the claims against them, Plaintiff should not provide a lengthy narrative with respect to each Defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each Defendant and the specific action or actions that Defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom.

## II. Second Request for Appointment of Counsel

Plaintiff moves the Court, for a second time, to appoint counsel to represent him in this case. The Court denied Plaintiff's first request for the appointment of counsel because the extraordinary circumstances necessary for such an appointment to be made are absent in this case. For the same reason, Plaintiff's second request for the appointment of counsel is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint and amendment to the complaint are DISMISSED.

2. Within <u>twenty-eight (28)</u> days from the date of this Order, Plaintiff may file an amended complaint to cure the deficiencies noted above with respect to these claims. Plaintiff shall use the court's civil rights complaint form, a copy of which

is provided herewith, and include in the caption both the case number of this action, No. C 11-1975 CW (PR), and the heading, "AMENDED COMPLAINT."

<u>If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.</u>

3. Plaintiff's second motion for the appointment of counsel is DENIED without prejudice.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

5. The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

This Order terminates Docket no. 33.

IT IS SO ORDERED.

Dated: 5/24/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE