United States District Court

Northern District of California

PAUL SAMUEL JOHNSON,

    Plaintiff,

  v.

LIEUTENANT TOBY, et al.,

    Defendants.

Case No.: C 11-01975 CW (PR)

SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND

(Docket no. 36)

    Plaintiff filed the present pro se civil rights action under 42 U.S.C. § 1983 when he was incarcerated at the California State Prison - Solano (CSP-Solano). He complains about the conditions of his confinement during a period of incarceration at the Sonoma County Jail (SCJ). He has been granted leave to proceed in forma pauperis.

    The Court conducted an initial review of the allegations in the complaint pursuant to 28 U.S.C. § 1915 and found the complaint failed to state a claim upon which relief may be granted, for the following reasons:

> Plaintiff's claims cannot proceed as plead because Plaintiff has not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations. In particular, Plaintiff has not specified the correctional officers who were involved in the September 11, 2009, cell extraction or the supervising officers who "turned a blind eye" to the methods employed in that extraction. He has not described in any detail nor linked any of the Defendants to the yard counseling schemes. He does not describe with particularity the injuries which were caused or worsened by SCJ medical personnel's alleged failure to treat him. He does not identify the

> policies employed by the institutional Defendants that allegedly violate his constitutional rights.

Docket no. 34 at 4:5-17.

Additionally, the Court found that "Plaintiff's pleadings are also deficient in that they fail to include information sufficient for the Court to determine whether his various claims are related. It is not clear whether his complaint regarding lack of medical care is related by anything other than chronological proximity to the cell extraction." Id. at 4:18-22.

The Court thus concluded:

> In sum, even when Plaintiff's claims are liberally construed, Plaintiff has failed to provide information sufficiently simple, concise and direct for the Court to determine whether his allegations state cognizable claims for relief with respect to each of the named Defendants, or for the Court to determine whether such claims are related.

Id. at 5:15-20.

Consequently, the Court dismissed the complaint with leave to amend, as follows:

> Plaintiff may file an amended complaint in which he (1) alleges facts sufficient for the Court to determine whether he states a claim for the violation of his constitutional rights, (2) clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible, (3) does not raise unrelated claims against different Defendants, and (4) clearly specifies the relief he requests for each alleged injury and links that relief to a particular Defendant or Defendants.

Id. at 5:23-6:3.

Plaintiff has filed an amended complaint in which he does not name any Defendants and states that he does not know the names of the individuals responsible for his injuries. He

2

1  alleges that unnamed correctional officers at SCJ captured on
2  videotape the use of excessive force against him, but because he
3  is incarcerated at CSP-Solano he has been unable to obtain the
4  names of the officers or the videotape, and also has been unable
5  to obtain the names of the jail officials who failed to provide
6  him with adequate medical care.  He asks the Court to provide him
7  with subpoenas so he can discover the Defendants' identities and
8  amend his complaint at a later date.

9       When Plaintiff filed the amended complaint, he was
10 incarcerated at CSP-Solano.  Plaintiff recently notified the
11 Court, however, that he has been returned to the SCJ.  Docket no.
12 40.  Because Plaintiff now is incarcerated at the same jail where
13 the alleged Defendants are employed, his incarceration at CSP-
14 Solano no longer limits his ability to discover their identities.
15 Accordingly, Plaintiff's request for subpoenas is DENIED without
16 prejudice.

17      The Court will grant Plaintiff an additional <u>twenty-eight
18 days in which to file an amended complaint that adequately names
19 and links Defendants to his claims.  His failure to timely file
20 an amended complaint within twenty-eight days will result in the
21 dismissal of this action without prejudice</u>.

22      This Order addresses Docket no. 36.
23      IT IS SO ORDERED.

25 Dated: 8/7/2012

                                      CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE

3