United States District Court

Northern District of California

PAUL SAMUEL JOHNSON,

    Plaintiff,

  v.

LIEUTENANT TOBY, et al.,

    Defendants.

Case No.: C 11-01975 CW (PR)

ORDER OF DISMISSAL AND DENYING REQUEST FOR EXTENSION OF TIME

(Docket no. 46)

On April 22, 2011, Plaintiff filed the present pro se civil rights action under 42 U.S.C. § 1983 when he was incarcerated at the California State Prison - Solano (CSP-Solano). He complains about the conditions of his confinement during a period of incarceration at the Sonoma County Jail (SCJ) in 2009. He has been granted leave to proceed in forma pauperis.

The Court conducted an initial review of the allegations in the complaint pursuant to 28 U.S.C. § 1915 and found the complaint failed to state a claim upon which relief may be granted, for the following reasons:

> Plaintiff's claims cannot proceed as plead because Plaintiff has not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations. In particular, Plaintiff has not specified the correctional officers who were involved in the September 11, 2009, cell extraction or the supervising officers who "turned a blind eye" to the methods employed in that extraction. He has not described in any detail nor linked any of the Defendants to the yard counseling schemes. He does not describe with particularity the injuries which were caused or worsened by SCJ medical personnel's alleged failure to treat him. He does not identify the policies employed by the institutional Defendants that allegedly violate his constitutional rights.

Docket no. 34 at 4:5-17.

Additionally, the Court found that "Plaintiff's pleadings are also deficient in that they fail to include information sufficient for the Court to determine whether his various claims are related. It is not clear whether his complaint regarding lack of medical care is related by anything other than chronological proximity to the cell extraction." Id. at 4:18-22.

Consequently, the Court dismissed the complaint with leave to amend, as follows:

> Plaintiff may file an amended complaint in which he (1) alleges facts sufficient for the Court to determine whether he states a claim for the violation of his constitutional rights, (2) clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible, (3) does not raise unrelated claims against different Defendants, and (4) clearly specifies the relief he requests for each alleged injury and links that relief to a particular Defendant or Defendants.

Id. at 5:23-6:3.

Subsequently, on June 8, 2012, Plaintiff filed an amended complaint; he also informed the Court that he had been released from prison. Docket nos. 36, 37. In the amended complaint, he did not name any Defendants and stated that he did not know the names of the individuals responsible for his injuries. He alleged that unnamed correctional officers at SCJ captured on videotape the use of excessive force against him, but, because of his incarceration at CSP-Solano, he had been unable to obtain the names of the officers or the videotape, and also had been unable to obtain the names of the jail officials who failed to provide him with adequate medical care. He asked the Court to provide him with subpoenas so he could discover the Defendants'

2

identities and amend his complaint at a later date. Shortly thereafter, Plaintiff notified the Court that he had been returned to SCJ. Docket no. 40.

On August 7, 2012, the Court issued an order finding that "[b]ecause Plaintiff now is incarcerated at the same jail where the alleged Defendants are employed, his incarceration at CSP-Solano no longer limits his ability to discover their identities. Accordingly, Plaintiff's request for subpoenas is DENIED without prejudice." Docket no. 43 at 3:12-16. Additionally, in that same order, the Court granted Plaintiff leave to file a second amended complaint that adequately names and links Defendants to his claims, and informed him that "[h]is failure to timely file an amended complaint within twenty-eight days will result in the dismissal of this action without prejudice." Id. at 19-21.

Fifty-two days later, on October 1, 2012, Plaintiff, who by then was incarcerated at the Martinez Detention Facility, requested an extension of time to file his second amended complaint because he had not been able to obtain the information necessary to amend. On October 19, 2012, Plaintiff notified the Court that he had been released from custody and now resides in Rohnert Park. Since then, Plaintiff has not filed a second amended complaint or otherwise communicated with the Court.

This action has been pending for nineteen months. Plaintiff has been given two opportunities to correct pleading deficiencies but has failed to do so, claiming that he has been unable to access the pertinent information due to his incarceration at CSP-Solano and the Martinez Detention Facility. During the relevant

time period, however, Plaintiff also was incarcerated at the SCJ, where the alleged events occurred, and was released from custody. Based on the above, the Court finds that Plaintiff has been given every opportunity to obtain the information he needs in order to correct the noted pleading deficiencies but has failed to do so in compliance with the Court's orders and in a timely manner.

Accordingly, Plaintiff's request for an extension of time to file his second amended complaint is DENIED, and this case is DISMISSED without prejudice to his filing a new action raising these same claims should he obtain the information necessary to state a claim upon which relief may be granted.  Plaintiff, however, is cautioned that his claims will be subject to dismissal if they are time-barred.

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket no. 46.

IT IS SO ORDERED.

Dated:   11/20/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE